■ The People of the State of New York, Respondent, v Dhoruba Bin Wahad, Formerly Richard Moore, Appellant. —Order, Supreme Court, New York County (Peter McQuillan, J.), entered March 15, 1990, granting defendant's motion to vacate a judgment of that court (Joseph A. Martinis, J.), entered April 26, 1973, convicting defendant, after a jury trial,

of two counts of attempted murder, and one count of felonious possession of a weapon, for which defendant was sentenced to concurrent terms of 25 years to life, unanimously affirmed.

This case, arising out of a defendant's participation in the shooting of two police officers on May 19, 1971, has occasioned substantial litigation. After the judgment was affirmed in the courts of this state, the Supreme Court of the United States denied *certiorari* (51 AD2d 891, *affd* 42 NY2d 421, *cert denied* 434 US 987). During the later 1970's, defendant commenced a civil rights suit in federal court for the Southern District of New York against the Federal Bureau of Investigation, the New York City Police Department, and other parties. As a result, substantial documentation was disclosed to defendant. Certain of these documents relate to the shootings for which defendant was convicted. On April 18, 1988, defendant moved in New York County Supreme Court, pursuant to CPL 440.10 to vacate the judgment, alleging that certain of these documents were undisclosed *Rosario* materials. The motion court denied the motion under constraint of *People v Howard* (127 AD2d 109) on the basis that defendant had raised these issues in a collateral proceeding, rather than by direct appeal from judgment.

This court (Joseph P. Sullivan, J.) granted leave on March 18, 1989. We reversed to the extent of determining that *People v Howard (supra)* would not require denial of defendant's motion. We remanded for consideration of whether the purported *Rosario* materials were the duplicative equivalents of materials made available to defendant during trial (158 AD2d 312). The Court of Appeals denied leave to the People (75 NY2d 968 [Fritz W. Alexander, II, J.]).

Subsequently, the People conceded that certain of the undisclosed materials were not duplicative equivalents. On this basis, the motion court vacated the judgment on the authority of *People v Ranghelle* (69 NY2d 56), which found nondisclosure of *Rosario* materials to constitute *per se* reversible error. The People presently appeal that order.

Although we note that the People maintain that the subject materials were neither material nor prejudicial, the rulings in *People v Novoa* (70 NY2d 490), and *People v Jones* (70 NY2d 547), clearly remove any consideration of materiality or prejudice from our review. Since vacatur of judgment is mandated, we need not reach defendant's remaining contentions. Concur —Kupferman, J. P., Sullivan, Carro, Smith and Rubin, JJ.